### 1503. CANADY *v.* THE STATE.

HILL, C. J. 1. Where, on the call of a case in this court, it appears that the plaintiff in error has fully complied with the judgment of the trial court, and has paid to the sheriff the full amount of the fine and cost required of him as the alternative sentence imposed against him in

the case, and has thereupon been discharged from custody, his writ of error will be dismissed.

2. Where a motion to dismiss the writ of error is made by the solicitor-general; on the ground stated in the foregoing headnote, and is granted, the State will thereafter be estopped from in any manner contesting the truth of the ground stated in the motion, or from enforcing any part of the sentence of the lower court.

Motion to dismiss the writ of error.

Argued December 8,—Decided December 22, 1908.

*Saffold & Larsen,* for plaintiff in error.

*Henry R. Daniel, solicitor, Williams & Bradley,* contra.

HILL, C. J. When this case was called in this court, the solicitor-general made a motion to dismiss the writ of error, because, after his motion for a new trial had been overruled, the plaintiff in error submitted to the judgment of the court against him and fully paid the fine and cost imposed by the court as the alternative sentence. The attorney of the plaintiff in error contested the truth of the statement that the fine and cost had been paid, and asked that the court grant him time to submit evidence in support of his contention. This court does not deem it necessary to grant the request for further time for the purpose stated, and, in view of the positive statement contained in the affidavit of the sheriff of the county, that the plaintiff in error had paid to him the fine and cost, and had thereupon been discharged from custody, will dismiss the writ of error. Whatever may be the truth as to the payment of the fine and cost by the plaintiff in error, the State would thereafter be concluded by the solicitor-general's motion to dismiss the writ of error, which was granted by this court on the assumption that the motion to dismiss contained a true statement of the fact. Having made the motion to dismiss the writ of error, on the ground that the judgment of the trial court had been fully submitted to by the plaintiff in error, in the payment by him of the fine and cost imposed in the sentence, and the motion having been granted in pursuance of that statement, the State would thereafter be estopped from in any manner contesting the truth of the statement or enforcing any part of the judgment and sentence.        *Writ of error dismissed.*